IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|     Plaintiff    ) | |
|     ) | No. 2:23-cr-20121-JPM |
| v.    ) | |
|     ) | |
| ASHLEY GRAYSON,    ) | |
|     Defendant.    ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT ASHLEY GRAYSON'S MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**

COMES NOW, the United States of America, by and through the undersigned, and hereby files its response to defendant Ashley Grayson's motion for a judgment of acquittal and new trial. (RE-137). For the reasons set forth in the accompanying memorandum of facts and law, the defendant's claims are without merit, and this Court should not enter a judgment of acquittal or grant a new trial.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney
Western District of Tennessee

By: s/P. Neal Oldham
P. NEAL OLDHAM
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103
(023811 – Tennessee)

## CERTIFICATE OF SERVICE

I, P. Neal Oldham, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing Motion has been forwarded to Defendant's attorneys via the court's electronic delivery system.

s/P. Neal Oldham
P. Neal Oldham
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff | )<br>)<br>) |
| v. | )   No. 2:23-cr-20121-JPM<br>)<br>) |
| ASHLEY GRAYSON,<br>  Defendant. | )<br>) |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT ASHLEY GRAYSON'S MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL**

COMES NOW, the United States of America, by and through the undersigned, and hereby files its memorandum in support of its response to defendant Ashley Grayson's motion for a judgment of acquittal and new trial. (RE-137). For the following reasons, the defendant's claims are without merit, and this Court should not enter a judgment of acquittal or grant a new trial.

**Standard of Review**

**Rule 29**

A Rule 29 motion for judgment of acquittal "is a challenge to the sufficiency of the evidence." *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996). "Evidence is sufficient to support a criminal conviction if, after viewing the evidence in the light most favorable to the government, *any* rational trier of fact could have found the elements of the crime beyond reasonable doubt." *United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis added); *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002); *United States v. Harrod*, 168 F.3d 887, 889-90 (6th Cir. 1999).

In deciding the sufficiency of the evidence, courts do not "weigh credibility as long as it is not facially insubstantial or incredible." *United States v. Welch*, 97 F.3d 142, 151 (6th Cir. 1996). The "credibility of witnesses is exclusively the province of the jury." *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994). "In ruling on a sufficiency of the evidence challenge, the court does not weigh the evidence, access the credibility of the witnesses, or substitute its judgment for that of the jury." *United States v. Canady*, 2006 WL 1718193 at 2, (E.D. Ky June 27, 2006) (internal citations omitted). "To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilt." *United States v. Shultz*, 855 F.2d 1217, 1221 (6th Cir. 1988).

In determining how much evidence is sufficient, the Sixth Circuit has noted that while "more than just a scintilla" is required, even "the uncorroborated testimony of a single accomplice may support a conviction under Federal Law," when there is "relevant evidence from which a reasonable mind might accept to support a conclusion." *United States v. Sherlin*, 67 F.3d 1208, 1214 (6th Cir. 1995); *see also United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985).

The Sixth Circuit has made it clear that circumstantial evidence, as well as direct evidence, is to be considered in resolving a sufficiency of the evidence challenge, and noted that courts must accord the same weight to circumstantial and direct evidence. *Sherlin*, 67 F.3d at 1214. In *United States v. Green*, 548 F.2d 1261, 1266 (6th Cir. 1977), the Sixth Circuit again noted that "even circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilt beyond a reasonable doubt." *Id*. "This standard is a great obstacle to overcome…and presents the appellant in a criminal case with a very heavy burden." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007) (internal citations omitted).

### Rule 33

"A motion for a new trial is governed by Rule 33 of the Federal Rules of Criminal procedure, which provides that the court may 'vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. Dimora*, 879 F.Supp. 718, 724 (N.D. Ohio 2012)(quoting Fed. R. Cr. P. 33). While the trial court may sit as the "thirteenth juror…[t]he Court should exercise discretion only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979).

The interest of justice provision also "allows the grant of a new trial where substantial legal error has occurred," including "any error of sufficient magnitude to require reversal on appeal." *Dimora*, 879 F.Supp. at 724 (internal citations omitted).

### Analysis

**GROUND ONE:**

The Court did not comment upon the evidence and if the Court's example is a comment upon the evidence the Court's instructions cured any potential affect of the comment.

The comment "Well I suppose if they could have a recording that says 'I'm going to kill somebody, that might be important,'" was not an improper comment on the evidence in this case. This statement was one of a series of examples that were given by the Court during the preliminary instruction phase. If this was a comment on the evidence the Court went out of its way to say that it was not comment of the evidence in the present case and instructed the jury to disregard the statement and example.

More than that, any possible taint of any comment was undone with the Court's Jury

Instruction on the same area addressed in the preliminary instruction, the required mental state.

> Next, I want to explain something about proving a defendant's state of mind.
>
> Ordinarily, there is no way that a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.
>
> You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. The, of course, is for you to decide.

RE-123. PageID-493

Jury instructions can cure improper or prejudicial statements made during a trial. *In State v. Hinds*, No. E202200544CCAR3CD, 2023 WL 5164634 (Tenn. Crim. App. Aug. 11, 2023), appeal denied (Jan. 11, 2024), the defendant argued that the prosecutor's comments during closing arguments regarding the jury's duty to convict were inappropriate, and the court failed to issue curative instructions regarding those comments. *Id*. at 31. However, on appeal the court held that the State and trial court took curative measures. The trial court's curative instruction reminding jurors of their duty under the law given shortly before jury deliberations was sufficient to remedy the improper comment. *Id*. at 33. On appeal the court also stated, "in light of the trial court's curative instruction and the strong evidence of the defendant's guilt presented at trial, we cannot conclude that the prosecutor's improper comment was so inflammatory that it affected the verdict." *Id.* at 33. Furthermore, a curative instruction by a trial court occasionally renders harmless the erroneous admission of prejudicial evidence. *United States v. Layne*, 192 F.3d 556 (6th Cir. 1999).

**GROUND TWO:**

The Court did not unduly restrict the defendant's voir dire of the jury.

Rule 24 Trial Jurors

>    (b) Peremptory Challenges. Each side is entitled to the number of peremptory challenges to prospective jurors specified below. The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.
>
>    (2) Other Felony Case. The government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year.

The wording of Rule 24 contemplates multiple defendants and nevertheless sets the number at 10. The Rule clearly gives the court the discretion to give the defendants 10 challenges collectively.

A district court's decision regarding peremptory challenges is reviewed for an abuse of discretion, so long as it "[c]omplies with the minimum requirements of Rule 24[.]" *United States v. Frazier*, 2019 WL 4242412, (M.D. Tenn. Sept. 6, 2019) (quoting *United States v. Gibbs*, 182 F.3d 408, 435 (6th Cir. 1999). In *Frazier*, the United States prosecuted an outlaw motorcycle club, and, at the time the District Court considered the motion, sixteen individuals were slated to go to trial. *Id* at 2. The district court assumed approximately five people would actually proceed to trial. *Id*. While those circumstances are disparate from those in the current case, the district court said, "Given, all this, and assuming at least five or so Defendants proceed to trial, the Motions for Additional Peremptory Challenges… are hereby GRANTED, although the Court will leave for later the precise number of additional challenges." *Id*. at 3.

The defendant's reliance on *Frazier* is misguided. The minimum number of "defendants" contemplated in Rule 24 is two, not the "five or so" involved in the *Frazier* case. Rule 24 deals with the current scenario and gives the Court the discretion to rule in the manner that it did in the present case -- namely allowing two defendants 10 challenges to be exercised

jointly.

Further, while the defendant argues that her right to voir dire was restricted because she was not allowed more challenges, the defendants only exercised eight challenges total. This makes her argument a moot one.

**GROUND 3**

The Court did not impermissibly limit the number of questions asked during voir dire.

Rule 24 Trial Jurors
    (a) Examinations
        (1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so.
        (2) Court Examinations. If the court examines the jurors, it must permit the attorneys for the parties to:
            (A) ask further questions that the court considers proper; or
            (B) submit further questions that the court may ask if it considers them proper.

Because the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire. *Rosales-Lopez v. United States*, 451 U.S. 182, (1981) (per Justice White, with three Justices concurring and with the Chief Justice and Justice Rehnquist concurring in result).

Here, in accordance with Rule 24, the Court conducted a thorough voir dire to examine the prospective jurors and invited attorneys representing the United States and both defendants to recommend or request further questions. When the Court found those questions proper, the Court asked those additional questions or allowed the attorneys to directly ask the venire questions. The Court was well within the Rule in determining whether or not the requested questions were proper.

Further, the Defendant points to no specific questions which the Court did not allow. The defendant simply states that the "restriction" made it impossible to elicit anything from the jurors.

In short, the voir dire conducted by the Court in this case is well within the guidelines of Rule 24, the Court did not commit reversible error, and therefore the defendant should not be granted a new trial.

**GROUND 4**

The Court did not impermissibly limit the questions into a witness, Olivia Johnson, pending charges.

In her motion, the defendant does not point to specific questions disallowed by the Court during trial. The witness (Olivia Johnson) was cross-examined about her pending charges, and Johnson told the jury that she did not expect any benefit for her testimony.

The Sixth Circuit Court of Appeals dealt with a similar issue in *United States v. Latimer*; the panel held that:

> [b]y allowing cross-examination about the existence of the charges and the associated criminal penalties, the trial court allowed the jury to know why Heath might be testifying for the prosecution-in return for leniency on those charges-and how strongly those pending charges might be motivating him, in terms of the potential prison time he could be avoiding…[A]ny further detail about the events underlying those pending charges would not serve the function of illustrating Heath's pro-prosecution bias, but rather would merely serve to impugn Heath's general credibility.

98 Fed.Appx. 427, 431 (6th Cir. 2004).

The actions taken by the district court in *Latimer* are the same as the actions taken by the Court in this case. The defendant was allowed to inquire into Johnson's pending charges and her perception on whether of not her testimony would benefit her in that prosecution. Again, defendant points to no specific questions or lines of inquiry that were disallowed by the Court.

As there was no violation of the confrontation clause, the Court did not commit reversible error and no new trial should be granted.

**GROUND 5**

The Court did not violate defendant's due process rights by impermissibly excluding evidence.

The defendant alleges that the Court violated her due process rights when excluding evidence, "a video of the closing of a house from trial". However, this is a mischaracterization of what happened at trial. Defendant attempted to enter this video through Olivia Johnson, but the defense laid no foundation to enter the video through that witness. Thus it could not pass the relevancy threshold under Federal Rule of Evidence 401 since it did not appear to make any fact of consequence more or less probable. *See* Fed. R. Evid. 401.

Furthermore, Federal Rule of Evidence 802 states "Hearsay is not admissible unless any of the following provides otherwise…." The video was hearsay evidence for Olivia Johnson, and the defense offered no exception to hearsay that would have allowed the video to be introduced through Olivia Johnson.

Had the defense called a witness present in the room at the time the video was filmed, there would have been no objection to the video coming into evidence and being played for the jury, but the defendant's due process rights were not violated when the Court followed the rules of evidence under this set of circumstances.

**GROUND 6**

The Court did not err by denying defendant's motion to exclude the FaceTime call video.

The defendant alleges that the Court erred when denying her motion to exclude the

FaceTime call where she asked Olivia Johnson to kill Derricka Harwell. She asserts that certain facts presumed in the Court's ruling on her motion to exclude were not presented at trial and claims that the United States was not able to show that Brandon Thomas was able to record the entire FaceTime call between Olivia Johnson and defendant. That assertion is simply untrue.

Olivia Johnson and Brandon Thomas both testified that the entire FaceTime call was recorded. They also testified that, after the video was recorded, it was sent from Thomas' phone to Johnson's phone. Both witnesses opined that was the point when the 27 seconds were lost from the recording which had been broken into two halves.

None of the testimony at trial should cause the Court to reconsider the Motion to exclude. There was no proof that defendant expected her FaceTime messages with Olivia Johnson to be private "as would be the case with phone calls which are the traditional subject of wiretap cases". RE-87 Order Denying Defendant's Motion in Limine, at PageID 247. There was not even testimony elicited that defendant expected her communications with Johnson to be private. Moreover, the FaceTime video shown in Court had been captured on video and the parties were on speakerphone. The sound and image from the call could be and were broadcast to all present during the call.

## Conclusion

Based on the foregoing, this Court should deny defendant's motion for a judgment of acquittal and for a new trial.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney
Western District of Tennessee

By: s/P. Neal Oldham

P. NEAL OLDHAM<br>
Assistant United States Attorney<br>
167 N. Main Street, Suite 800<br>
Memphis, TN 38103<br>
(023811 – Tennessee)

## CERTIFICATE OF SERVICE

I, P. Neal Oldham, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing Motion has been forwarded to defendant's attorneys via the court's electronic delivery system.

s/P. Neal Oldham<br>
P. Neal Oldham<br>
Assistant United States Attorney